J-S57016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JORGE LUIS RAMOS-AYALA | |
| Appellant | No. 1974 EDA 2016 |

Appeal from the PCRA Order dated June 8, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002721-2012

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 22, 2017**

Appellant Jorge Luis Ramos-Ayala appeals *pro se* from the order dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

This Court previously summarized the factual and procedural history of this case as follows:

> Appellant was arrested and charged with numerous counts related to corrupt organizations and possession and delivery of heroin. The Commonwealth offered Appellant a plea bargain, which included a minimum of 40 months of incarceration, but no limit on the maximum sentence. Appellant rejected the offer and proceeded to a bench trial. Appellant was convicted on all counts and sentenced to an aggregate term of seven-and-a-half to fifteen years' incarceration. Appellant did not file a direct appeal, but on September 13, 2013, Appellant timely filed a *pro se* PCRA petition.

*Commonwealth v. Ramos-Ayala*, 118 A.3d 452 (Pa. Super. 2015) (unpublished memorandum). The PCRA court appointed counsel, who filed a

***Turner/Finley***[1] "no merit" letter on March 24, 2014. On May 12, 2014, the PCRA court dismissed Appellant's first PCRA petition. Appellant timely appealed and this Court affirmed the dismissal on January 23, 2015. Appellant did not petition for allowance of an appeal with the Pennsylvania Supreme Court.

Appellant filed the underlying PCRA petition, his second, on April 12, 2016. On April 28, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely. On June 8, 2016, the PCRA court dismissed the petition. Appellant filed a timely *pro se* appeal on June 29, 2016. Appellant presents three issues:

> 1. Does [A]ppellant's newly discovered evidence satisfy [the] timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii)?
>
> 2. Is [the] mandatory minimum sentencing statute 18 Pa.C.S. § 7508 facially unconstitutional, and as-applied to [A]ppellant, pursuant to ***Alleyne v. United States***?
>
> 3. Does [A]ppellant's aggregated sentence warrant correction, now that his prior drug conviction which singularly accounted for [A]ppellant's prior record score pursuant [to] 204 Pa. Code § 303.7, and triggered mandatory minimum sentence enhancement under 18 Pa.C.S. § 7508, was set aside on appeal?

Appellant's Brief at 7.

We may not consider Appellant's first issue, in which, for the first time, Appellant argues that his petition falls within an exception to the PCRA's time bar based on newly discovered evidence of criminal wrongdoing by

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Philadelphia police officers. Appellant's Brief at 14. Appellant did not raise this issue in his petition filed on April 12, 2016, although he states that the officers were arrested in July of 2014. *See id.* "We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal." *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004). Further, an appellant cannot prove an exception to the PCRA time bar where "information was publicly available for years . . . [and] these facts were easily discoverable and in the public record for longer than 60 days before the petition was filed." *Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012).

Appellant did raise his remaining two issues in his petition. When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super.), *appeal denied*, 95 A.3d 277 (Pa. 2014).

In addition, a PCRA petition must be timely. To be timely, it must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, an untimely petition may be considered when the petition alleges, and the petitioner proves, that one of the three limited exceptions to the time for filing the petition set forth at 42 Pa.C.S. § 9545(b)(1) is met. That provision states:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to proceed under an exception to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised

within the sixty-day time frame" under Section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Whether a PCRA petition is timely is a question of law. This Court's standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013). It is well settled that "[t]he filing mandates of the PCRA are jurisdictional in nature and are strictly construed." *Id.* Consequently, "[a]n untimely petition renders this Court without jurisdiction to afford relief." *Id.*

Here, Appellant's judgment of sentence was entered on August 30, 2013. Appellant did not file a direct appeal; as a result, his judgment of sentence became final 30 days later, on Monday, September 30, 2013. Appellant had to file his PCRA petition by September 30, 2014 for it to be timely. 42 Pa.C.S. § 9545(b)(1). Because Appellant filed the underlying petition on April 12, 2016, we agree with the PCRA court that the petition is untimely. *See* PCRA Court Order, 4/28/16, at 3 (unpaginated).

The PCRA court determined that it was without jurisdiction to review Appellant's claims because Appellant failed to prove an exception to the PCRA's time bar. The PCRA court stated:

> The facts of record fail to support a claim that any of the exceptions [to the PCRA time bar] appl[y]. No facts or averments indicate that petitioner's failure to raise the claim of illegal sentence[ing] previously was the result of interference by government officials, hence the exception established by 42 Pa.C.S. § 9545(b)(1)(i) does not apply. The record indicates that the facts upon which the claim is based were known to the

petitioner, hence the exception established by 42 Pa.C.S. § 9545(b)(1)(ii) does not apply.

Nor is the right asserted a constitutional right that was recently recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania and held by that court to apply retroactively, hence the exception established by 42 Pa.C.S. § 9545(b)(1)(iii) does not apply. To the extent petitioner inartfully intended to raise that exception by citing *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013),] and *Montgomery v. Louisiana*[, 136 S. Ct. 718 (2016], those cases fail to support the invocation of the exception. *Alleyne* has not been held to apply retroactively, and *Montgomery v. Louisiana*, which pertains to the lawfulness of statutorily-mandated sentences of life imprisonment without parole for juvenile defendants, is inapposite to this case because [Appellant] was not a juvenile when sentenced, nor was he sentenced to serve life imprisonment without parole.

[Appellant's] sentencing claim is untimely as it is pled, and the petition cannot be amended to state a timely claim.

PCRA Court Order, 4/28/16, at 4, ¶¶17, 18 and 19 (unpaginated).

We are constrained to agree. In *Alleyne*, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013). The Pennsylvania Supreme Court subsequently held that *Alleyne* does not apply retroactively "to attacks upon mandatory minimum sentences advanced on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 811 (Pa. 2016). Appellant was convicted on June 6, 2013 (11 days prior to *Alleyne* being decided on June 17, 2013), but was not sentenced until August 30, 2013. The law is "settled that *Alleyne* does not invalidate a mandatory minimum sentence

when presented in an untimely PCRA petition." ***Commonwealth v. Ruiz***, 131 A.3d 54, 58 (Pa. Super. 2015) (citing ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014)). As Appellant did not timely raise his ***Alleyne*** issue, he cannot overcome the one-year timeliness requirement of the PCRA, and the record thus supports the determination of the PCRA court. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("[a]lthough [the] legality of [a] sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Based on the foregoing, the trial court lacked jurisdiction to consider Appellant's untimely petition, and we thus affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017